THE STATE, EX REL. MITCHELL, APPELLANT, *v.* ROBBINS & MYERS, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Mitchell, *v.* Robbins & Myers, Inc. (1986), 25 Ohio St. 3d 19.]

(No. 85-711—Decided July 9, 1986.)

20

*Michael J. Muldoon,* for appellant.

*Smith & Schnacke Co., L.P.A., Gary W. Auman* and *Michael F. Krall,* for appellee Robbins & Myers, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellee Industrial Commission.

*Per Curiam.* It is appellant's principal contention that when the court of appeals initially issued the writ in this cause, the commission was ordered to find him temporarily and totally disabled from October 15, 1974 until April 24, 1979, as well as for the period when such benefits were ultimately awarded by the commission from April 25, 1979 until January 29, 1984, and beyond, until the issue of permanent total disability could be determined. We reject appellant's contention since it is not supported by

either the initial judgment of the court of appeals in granting the writ or this court's affirmance of that judgment, nor is it supported by the record.

The record in this cause demonstrates that following his industrial injury in 1974, appellant filed an application for workers' compensation benefits with the commission in March 1975 as a result of a "sprained back." The claim was eventually recognized by the commission as "chronic sprain and strain of the lumbosacral spine," and the employer was ordered to commence paying compensation in accordance with the evidence of record.

In May 1976, appellant submitted to the commission an application for permanent total disability benefits, which application was voluntarily withdrawn by appellant's counsel in November 1976, in favor of pursuing a permanent partial disability award. In October 1977, appellant received a permanent partial award and, after a later increase by the regional board of review, the employer's attempt for further review was refused by the commission in March 1979. Throughout this entire period (October 15, 1974 through April 24, 1979), appellant made but one claim for total disability benefits, albeit permanent or temporary, and that claim was voluntarily withdrawn at appellant's request.

It was not until May 21, 1979 that appellant again sought total disability benefits, based upon the April 25, 1979 report of Dr. William H. Donahue. As was observed by the court of appeals, it was the April 1979 report of Dr. Donahue that provided the starting point for granting appellant any type of total disability compensation whatsoever.

Appellant's contentions otherwise notwithstanding, when the court of appeals issued the writ it did not specify a period of time in which he was to be declared temporarily and totally disabled. Indeed, as the court of appeals explained when denying the motion for contempt, given the date of appellant's motion for disability benefits, as well as the report of Dr. Donahue which prompted the motion, any total disability could have commenced no earlier than April 1979. Accordingly, appellant's allegation that the commission willfully obstructed the administration of justice by failing to award disability benefits for the period encompassing October 15, 1974 through April 24, 1979, must be rejected since it is neither supported by the record nor by the previous opinions in this cause by the court of appeals or this court.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.